UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TORRENCE BELCHER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-911-DRL-MGG |
| JOSHUA WALLEN, | |
| Defendant. | |

OPINION AND ORDER

Torrence Belcher, a prisoner without a lawyer, filed an amended complaint alleging Joshua Wallen did not properly process several of his grievances at the Indiana State Prison. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On June 29, 2022, Mr. Belcher alleges he filed a grievance about his GTL tablet. He also alleges he filed other grievances about the tablet being broken, unrepaired, and unreturned. He says the issues were not addressed. He does not say how Grievance Specialist Wallen responded, but describes it as "absurd and outrageous." ECF 4 at 3. On July 19, 2022, Mr. Belcher alleges he filed a grievance about insufficient monitoring of the

back of the range of his cell house. On August 5, 2022, Grievance Specialist Wallen denied the grievance. Mr. Belcher alleges the Grievance Specialist Wallen did not conduct a proper investigation.

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

This complaint does not state a claim for which relief can be granted. If Mr. Belcher believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages[.]" *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Torrence Belcher until **January 18, 2023**, to file an amended complaint; and

(2) CAUTIONS Torrence Belcher if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 14, 2022 *s/ Damon R. Leichty*
Judge, United States District Court