UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TORRENCE BELCHER,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-911 DRL-JEM

JOSHUA WALLEN, BATTLE, and
INDIANA STATE PRISON,

    Defendants.

OPINION AND ORDER

Torrence Belcher, a prisoner without a lawyer, filed a fifth amended complaint. ECF 55. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Belcher alleges Grievance Specialist Joshua Wallen denied his grievances and did not properly investigate them. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause[.]" *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to

ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

Mr. Belcher alleges that because his grievances were not properly addressed, a fellow inmate died. He says this caused him psychological harm. This does not state a claim because federal law prohibits a prisoner from being compensated for a mental or emotional injury without a physical injury. 42 U.S.C. § 1997e(e). The fifth amended complaint does not state a claim against Joshua Wallen.

Mr. Belcher alleges that, when his GTL tablet malfunctioned in February 2022, he gave it to Case Manager Battle for repair. He alleges other inmates turned in broken tablets at the same time. A month later, after many tablets had been returned, he alleges Case Manager Battle notified him that his "tablet case [was] cracked, scratched off all labels, ID #'s, model #s." ECF 55-1 at 7. He alleges his tablet was malfunctioning, but not physically damaged when he gave it to Case Manager Battle. He alleges she will not give him a functioning tablet unless he pays $249.99 for the damage.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but, a state tort claims act that provides a method to seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). The Indiana Tort Claims Act, Ind. Code § 34-13-3-1 *et seq.*, and other laws provide for state judicial review of property

losses caused by government employees. These state laws provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Mr. Belcher alleges that Case Manager Battle defamed his character when she told him he had physically broken his GTL tablet. "Freedom from being described as 'dishonest' (or the equivalent) by a state actor is not a fundamental right. Indeed, we know from *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L.Ed.2d 405 (1976), that it is not a constitutional right of any kind." *Salem v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Illinois*, 85 F.4th 438, 443 (7th Cir. 2023). The "interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). The fifth amended complaint does not state a claim against Case Manager Battle.

Mr. Belcher also sues the Indiana State Prison, but he does not mention this defendant in the body of his complaint. The fifth amended complaint does not state a claim against the Indiana State Prison because it is not a person under 42 U.S.C. § 1983 and cannot be sued. *See Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (state agency is not a person that can be sued under § 1983) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

Since Mr. Belcher filed his original complaint almost two years ago, he has filed five amended complaints. "The usual standard in civil cases is to allow defective

pleadings to be corrected," *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), but Mr. Belcher has had more than enough opportunities to do so.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

August 26, 2024                              *s/ Damon R. Leichty*
                                             Judge, United States District Court